UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AUDIE GROGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:15-cv-298-JRG-MCLC |
| | ) |
| v. | ) |
| | ) |
| WENDALL CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Now before the Court is Plaintiff's motion to correct Defendant list and obtain copies of DVD [Doc. 5]. Therein, Plaintiff requests the Court amend the docket to reflect the correct name of a listed Defendant [*Id.*]. Rather than Defendant "J. Care, C.T. of the Sheriff's Dept.", as shown on the docket, Plaintiff states that the correct name of Defendant is "J. Lane, internal affairs, Sheriff's Office" [*Id.*]. The Court finds Plaintiff's request to "correct" Defendant's name is well-taken and is **GRANTED**. The Court notes that Defendant J. Lane was terminated from this case on November 4, 2015, and correcting the name of the above mentioned defendant does not change the prior ruling of this Court.

Moreover, in the same motion Plaintiff requests that the District Court obtain copies of a DVD showing the alleged assault on Plaintiff [*Id.*]. Here, Plaintiff appears to have misconstrued the role of the Court. The Court is not the vehicle through which Plaintiff seeks discovery from Defendants. Rather, Plaintiff, just like other parties, must follow the Federal Rules of Civil Procedure in all stages of litigation, including discovery. *See, e.g.*, Fed. R. Civ. P. 26, 33, and 34. Should any party fail to cooperate with the discovery process as set out in the Rules, only then should a party seek relief from the Court. Fed. R. Civ. P. 37. Accordingly, Plaintiff's

request for the District Court to obtain copies of the "DVD recordings of C.O. W. Clark attacking [Plaintiff] . . ." [Doc. 5 p. 1] is **DENIED**.

Also before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6]. On November 4, 2015, this Court granted Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2]. The Court previously determined that Plaintiff has zero (0) balance in his inmate trust account, but as it remains that, as a prisoner, Plaintiff is still responsible for paying the filing fee [Doc. 4]. Because the Court already ruled on this issue of Plaintiff's ability to pay the costs of these proceedings, there is no need to rule on the same issue a second time. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **DENIED as moot**.

Based on the foregoing, Plaintiff's motion to correct Defendant list and obtain copies of DVD [Doc. 5] is **GRANTED in part**. The Court **ORDERS** the Clerk's office to change the name from Defendant "J. Care, C.T. of the Sheriff's Dept." to "J. Lane, internal affairs, Sheriff's Office." However, the motion is **DENIED in part** as to Plaintiff's request for the District Court to obtain discovery. Furthermore, Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 6] is **DENIED as moot**.

    **SO ORDERED.**

    ENTER:

                                                      s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE