UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AUDIE GROGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:15-CV-298-JRG-MCLC |
| | ) |
| v. | ) |
| | ) |
| WENDALL CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's motion for reconsideration [Doc. 22] and Plaintiff's motion for jury trial and trial date [Doc. 23]. For the reasons set forth below, the Court will find Plaintiff's motion for reconsideration is DENIED and Plaintiff's motion for jury trial and trial date will be GRANTED.

**I.     Motion for Reconsideration [Doc. 22]**

In his motion for reconsideration, Plaintiff requests that the Court reconsider its order which granted, in part, Plaintiff's previous request for a jury trial. On February 23, 2016, this Court granted Plaintiff's motion to the extent that Plaintiff requested a jury trial [Doc. 20]. However, the Court declined to address any evidentiary requests made by Plaintiff at that time [*Id.*].

Plaintiff's motion "reiterate[s] [his] previous motion in demand for a jury trial" and further demands that he be present at trial, that the alleged video of his attack to be viewed by a jury, and for the evidence already submitted to be used in court [Doc. 22 p. 1]. Moreover, Plaintiff demands that all evidence, including his testimony, be "introduced, displayed, and shown" in trial, that Defendants Clark, Ryan, and Strayhorn "be arrested and taken into custody

for all of federal and state violations of law," and that he be awarded substantial monetary restitution [*Id.*].

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. The Court's power to reconsider exists under federal common law, *see, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001), and there is additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders). Under Rule 54(b), an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Motions to reconsider are used sparingly and in rare circumstances. While the Court can always review its prior rulings before the termination of a case, it is not required to do so and "should not do so in the vast majority of instances, especially where such motions "'merely restyle or rehash the initial issues.'" *White v. Hitachi Ltd*, No. 3:04-CV-20, 2008 WL 782565, *1 (E.D. Tenn. March 20, 2008) (quoting *In re August*, 1993 *Regular Grant Jury*, 854 F.Supp. 1403, 1407 (S.D. Ind. 1994). The Sixth Circuit has held that a motion to reconsider is traditionally limited to three circumstances: "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Labors Health and Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004).

The Court finds that Plaintiff has failed to cite to or include in his motion any intervening change in the law, newly discovered evidence, or injustice caused by clear error. Plaintiff merely seeks to add new demands. Accordingly, Plaintiff's motion to reconsider the Court's previous order [Doc. 22] is **DENIED**.

## II. Motion for Jury Trial and Trial Date [Doc. 23]

In Plaintiff's motion for jury trial and trial date, he requests the Court grant him a jury trial in two separate cases he has pending before the Eastern District of Tennessee. He requests a jury trial under Rule 38 of the Federal Rules of Civil Procedure for case numbers 2:15-CV-299 and 2:15-CV-298. At this time, the Court will only address Plaintiff's requests under the case number assigned to this docket, 2:15-CV-298.

The Court has previously granted Plaintiff's request for a jury trial [Doc. 20]. The Court further finds that a trial date should be set.

Thus, Plaintiff's motion to set trial date [Doc. 23] is **GRANTED**. A separate scheduling order will be entered by this Court.

**SO ORDERED.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE