UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| AUDIE GROGG, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:15-CV-298-JRG-MCLC |
| v. | ) |
| | ) |
| WENDALL CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a prisoner's pro se civil rights case pursuant to 42 U.S.C. § 1983. On December 7, 2016, Plaintiff was ordered to show cause as to why the Court should not grant summary judgment in favor of Defendants [Doc. 38]. Plaintiff's copy of that order, which was mailed to him at his last known address of Sullivan County Detention Center, P.O. Box 610, Blountville, Tennessee 37617, was returned undeliverable on January 3, 2017, with the notation "no longer at this facility" [Doc. 39]. On January 5, 2017, Defendants filed a "motion to dismiss for failure to notify the Court of address changes and failure to maintain a valid address" [Doc. 40].

A plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26,

2010) ("By failing to keep the court apprised of his current address, petitioner demonstrates a lack of prosecution of his action."). Local Rule 83.13 not only requires pro se litigants, such as Plaintiff, to file a written notice with the Clerk, but also requires written notice to be given to all parties, within fourteen (14) days of any change of address.

A plaintiff's failure to supply the Court with an updated address subjects the action to dismissal under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute"); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"). The Court forewarned Plaintiff that failure to notify the Court of any address change within fourteen (14) days will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure [Doc. 4, at 7].

The Court finds that Plaintiff failed to provide the Court with an updated address and failed to monitor his case electronically. The Court, therefore, has no way to communicate with Plaintiff about his case. The Court has no way of knowing a litigant's mailing address except by checking the address provided by the litigant and filed on the docket. Any problems arising from an inability to communicate with Plaintiff is directly attributed to Plaintiff's failure to update the docket. Based on Plaintiff's previous communication with the Court updating his address [*see* Doc. 34, Notice of Change of Address], the Court finds that Plaintiff was aware of his duty to keep the Court updated as to his whereabouts.

2

Accordingly, Defendants' motion to dismiss [Doc. 40] is **GRANTED** and this action will be **DISMISSED** for failure to prosecute.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                                                 s/J. RONNIE GREER  
                                                                      UNITED STATES DISTRICT JUDGE